UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VAUGHN K. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION d/b/a<br>TRS RECOVERY SERVICES,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-02007<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes VAUGHN K. TAYLOR ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FIRST DATA CORPORATION d/b/a TRS RECOVERY SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

1

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Avon, Indiana, which lies within the Southern District of Indiana.

5. Defendant is a debt collection agency holding itself out as "a premier provider of collection services across varied market segments."[1] Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 5565 Glenridge Connector NE, Suite 2000, Atlanta, Georgia.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendant's attempt to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9. Specifically, the subject debt stems from Plaintiff's purported purchase of a consumer item from Amazon.com ("Amazon").

10. On or about July 25, 2018, Plaintiff purchased a bed cover from Amazon for a total of $37.40.

11. However, after placing the order, Plaintiff never received the product from Amazon.

12. Plaintiff informed Amazon of this, and Amazon cancelled the order.

13. However, after Plaintiff failed to receive the item and Amazon cancelled the order, Defendant began contacting Plaintiff in an attempt to collect the $37.40, plus additional fees totaling $20.00, allegedly owed by Plaintiff in connection with the item he never received.

---

[1] https://www.trsrecoveryservices.com/home.html

14. At first, Plaintiff believed Defendant's phone calls were a scam, since anything Plaintiff had ordered from Amazon was paid for by Plaintiff at the time of purchase and he did not owe any outstanding obligations to Amazon.

15. However, in the early months of 2019, Plaintiff attempted to use a personal check to make a purchase at Wal-Mart.

16. Plaintiff's check was not accepted by Wal-Mart because TeleCheck declined to process Plaintiff's check.

17. TeleCheck is an affiliate/wholly owned subsidiary of Defendant.

18. Plaintiff then attempted to address the issue with TeleCheck and Defendant, at which point Plaintiff became aware that Plaintiff's check was not accepted because of the debt Plaintiff purportedly owed to Amazon.

19. Upon information and belief, Defendant put a hold or otherwise ensured that, as a result of the debt it was attempting to collect from Plaintiff but which Plaintiff does not actually owe, Plaintiff's checks would not be accepted or processed via TeleCheck until the balance of the illusory debt was paid in full.

20. Plaintiff informed Defendant that he did not owe the debt, yet its collection activities continued.

21. Frustrated and confused by Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2002.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

   a. **Violations of FDCPA §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant violated § 1692d when it attempted to extract payment from Plaintiff on a debt he did not owe. Attempting to collect on a debt when Plaintiff has no underlying obligation is conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

29. Defendant further violated § 1692d when it put a hold or otherwise prevented Plaintiff from having his personal checks processed by TeleCheck in connection with a debt he did not owe. Precluding Plaintiff from purchasing items from certain retailers in connection with a debt that Plaintiff does not owe is conduct which harassed, oppressed, and abused Plaintiff.

   b. **Violations of FDCPA § 1692e**

---

[2] http://www.acainternational.org/search#memberdirectory

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated § 1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, when he had no obligation to Amazon. Additionally, it was deceptive for Defendant to attempt to collect upon a debt for which Plaintiff had no underlying obligation, illustrating Defendant's violation of § 1692e, e(2) and e(10).

 c. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits the collection of "any amount not authorized by the agreement creating the debt or permitted by law."

34. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. It is undoubtedly unfair and unconscionable for a debt collector like Defendant to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which Defendant sought collection.

35. Defendant further violated §§ 1692f and f(1) when it attempted to collect an additional $20.00 fee in connection with the subject debt. Because Plaintiff does not owe the underlying debt,

the additional amount Defendant attempted to collect from Plaintiff is an amount not authorized by any underlying agreement nor permitted by law.

36. Finally, Defendant violated § 1692f when it unfairly precluded Plaintiff from being able to make certain purchases via personal check in connection with a debt Plaintiff does not owe. Attempting to coerce Plaintiff into paying a debt he does not owe by restricting his ability to make purchase via personal check is unfair conduct in violation of the FDCPA.

37. Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, VAUGHN K. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 21, 2019                                         Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                            Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                       Counsel for Plaintiff
Admitted in the Southern District of Indiana                Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                     Lombard, Illinois 60148
(630) 568-3056 (phone)                                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                    thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com